11-2719-cv
*DiGirolamo v. MetLife Grp., Inc.*

UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> PETER W. HALL,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STEPHEN DIGIROLAMO,

> *Plaintiff-Appellant,*

> -v.-                                                   No. 11-2719-cv

METLIFE GROUP, INC.,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANT:** | ANNETTE G. HASAPIDIS, Law Offices of Annette G. Hasapidis, South Salem, NY. |
| **FOR APPELLEE:** | JOHN E. KILEY (Christopher J. Collins, *on the brief*), Kelley Drye & Warren LLP, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 10, 2011 judgment of the District Court be **AFFIRMED**.

DiGirolamo appeals from a summary judgment of the District Court in favor of MetLife Group, Inc. ("MetLife"). We assume familiarity with the underlying facts and procedural history of this case.

This appeal arises out of DiGirolamo's 2007 demotion and firing by MetLife, for which MetLife blamed DiGirolamo's allegedly poor job performance. DiGirolamo alleges that MetLife's proffered rationale for his demotion and firing was pretextual, and that MetLife in fact discriminated against him because of his age (48 years old), in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the New York State Human Rights Law, ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* Having properly exhausted his administrative remedies, DiGirolamo brought suit against MetLife pursuant to the ADEA and the NYSHRL.[1]

After completion of discovery, MetLife moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The District Court granted the motion on June 6, 2011, holding that DiGirolamo had failed to show that MetLife's proffered non-discriminatory reason for his demotion and firing was a mere pretext and that DiGirolamo would not have been demoted or terminated "but for" his age.

On appeal, DiGirolamo alleges that the District Court erred in granting summary judgment for MetLife.

"We review *de novo* the District Court's decision to grant summary judgment in favor of defendant[s], and, in the course of that review, we draw all permissible factual inferences in favor of . . .

---

[1] DiGirolamo originally alleged that MetLife had discriminated against him on the basis of his gender, race, and national origin as well as his age, but voluntarily dismissed those claims prior to the summary judgment proceedings.

2

the non-moving party." *Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009). Summary judgment may be granted only where no "genuine disputes over material fact exist between the parties which should properly be submitted to a jury." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Mere "conclusory allegations or unsubstantiated speculation" by the plaintiff will not defeat summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

ADEA and NYSHRL claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* to ADEA claim); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (applying *McDonnell Douglas* to employment discrimination claims under the NYSHRL).[2] In order to make out a claim under the ADEA, appellant must demonstrate at the third stage of the *McDonnell Douglas* test that age discrimination was the "but-for" cause of the alleged adverse employment action.[3] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

We have carefully reviewed the record and the parties' arguments on appeal, and we conclude that DiGirolamo has not proffered evidence beyond "conclusory allegations or unsubstantiated speculation," *Scotto*, 143 F.3d at 114, sufficient to raise a triable issue of fact as to whether MetLife's alleged age-based discriminatory animus was the "but-for" cause—or, indeed, any cause at all—of his demotion and firing.

---

[2] Under the *McDonnell Douglas* framework, a plaintiff must first make out a *prima facie* case of discrimination. If he does so, the employer must put forward a legitimate, nondiscriminatory reason for the challenged adverse employment action. If the employer is able to do so, the plaintiff must then demonstrate that the employer's reason is a mere pretext intended to obscure the employer's true, illegal rationale. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). At all times, the plaintiff bears the ultimate burden of persuasion by a preponderance of the evidence. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009). The District Court in this case assumed *arguendo* that DiGirolamo could make out a *prima facie* case of discrimination, held that MetLife had proffered a legitimate, nondiscriminatory reason for the alleged adverse employment action, and focused its attention on the question of pretext.

[3] Although we have not yet decided whether NYSHRL claims of age discrimination require a plaintiff to show that age was the "but-for" cause of the discrimination, *see Waters v. Gen. Bd. of Global Ministries*, 769 F. Supp. 2d 545, 559 n.10 (S.D.N.Y. 2011), we agree with the District Court's holding that DiGirolamo would have failed to demonstrate pretext under either standard. We therefore leave the question of "but-for" causation and the NYSHRL for another day.

## CONCLUSION

The June 10, 2011 judgment of the District Court is affirmed, substantially for the reasons stated in its careful and considered June 6, 2011 Decision and Order.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court